UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDMUNDO TRUJILLO ROBLES,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2268

Honorable Paul L. Maloney

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis* in this action. (ECF No. 2.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond and asks the Court to enter an order directing Respondents to release Petitioner. (Pet., ECF No. 1, PageID.3.) In an order entered on August 7, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.) Respondents filed their response and a recording of the May 11, 2026, bond hearing on August 12, 2026. (Resp., ECF No. 8; Recording of May 11, 2026, Bond Hearing, filed on Aug. 12, 2026.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Mexico who entered the United States in 2015. Op., *Trujillo v. Raycraft* (*Trujillo I*), No. 1:26-cv-308 (W.D. Mich. Feb. 18. 2026) (ECF No. 6). On November 10, 2025, ICE agents arrested Petitioner. *Id.*

On January 28, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Trujillo I.* In *Trujillo I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Trujillo I,* (W.D. Mich Feb. 18, 2026) (ECF Nos. 6, 7).

On May 11, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 8-1, PageID.73.) In a written order, the Immigration Judge denied Petitioner's request for bond, stating: "The court finds [Petitioner] is a flight risk." (*Id.*)

## III. Discussion

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on May 11, 2026. The Detroit Immigration Court denied Petitioner's request for a bond, concluding that Petitioner "is a flight risk." (Immigration Judge Order, ECF No. 8-1, PageID.73.) In his § 2241 petition, Petitioner now claims that he has "strong evidence demonstrating that less restrictive alternatives are available and that his detention "has become unreasonably prolonged" and is "no longer reasonable related to the Government's legitimate immigration interests." (Pet., ECF No. 1, PageID.2, 3.) Respondent argues, *inter alia*, that the

Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 8.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). And, if the noncitizen believes that the circumstances have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination by submitting a written request in the Immigration Court. 8 C.F.R. § 1003.19(e). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not argue that the procedures of the bond hearing

itself violated the Due Process Clause of the Fifth Amendment.[1] Further, although Petitioner claims that his detention has become unreasonably prolonged that his "detention is no longer reasonable related to the Government's legitimate immigration interests," (Pet., ECF No. 1, PageID.3), Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court pursuant to 8 C.F.R. § 1003.19(e). Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA or before the Immigration Court, as applicable. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.[2]

Dated: August 20, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

[1] To the extent that Petitioner claims that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing, based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing.

[22] Because the Court will dismiss the petition without prejudice as set forth herein, Petitioner's pending motions (ECF Nos. 4 & 5) are moot.